# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO.: _____

DELTA CORP SHIPPING PTE LTD.,

        Plaintiff,

v.

WORLD FUEL SERVICES (Singapore)
PTE LTD,

        _____Defendant._____/

## COMPLAINT

Plaintiff, Delta Corp Shipping Pte Ltd ("Delta") by and through its attorneys, and for its Complaint against Defendant, World Fuel Services (Singapore) Pte Ltd ("WFS") alleges as follows:

### NATURE OF THE ACTION

1. This is an action arising out of the sale, supply, and delivery of a marine fuel bunkers by WFS to Delta.

### JURISDICTION AND VENUE

2. This action arises within this Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because the parties agreed to resolve any disputes arising out of their contract by irrevocably and exclusively submitting to the jurisdiction of a court in Miami, Florida.

## THE PARTIES

4. Delta is a foreign corporation organized under the laws of Singapore, with a principal place of business of 22 Malacca Street, #04-03 R.B. Capital Building, Singapore, 048980.

5. WFS is a corporation organized and existing under the laws of Singapore and who has agreed pursuant to Clause 18 of exhibit C to a forum selection clause providing for any and all disputes to be resolved in a Court of competent jurisdiction in Miami, Florida. WFS supplied the marine fuel to Delta for the subject transaction.

## STATEMENT OF FACTS

6. At all relevant times, Delta was the time charterer of the *M/V MILTIADES II*, IMO No. 9300831, ("Vessel") a bulk carrier vessel flagged under the laws of the Republic of Liberia.

7. At all relevant times, the Vessel was owned by George Moundreas & Company S.A. ("Owners"). Owners and Delta entered into a time charter party dated December 2, 2020, a true and accurate copy of which is submitted herewith as Exhibit A and made a part hereof (the "Time Charter").

8. At all relevant times, WFS is and was a seller and supplier of marine fuel to the Vessel.

9. On December 21, 2020, Delta and WFS entered into a contract for the sale of marine fuel for the Vessel, a true and accurate copy of which is submitted herewith as Exhibit B and made a part hereof ("Marine Fuel Contract").

10. The Marine Fuel Contract incorporated the "WFS Marine Group of Companies General Terms and Conditions," a true and accurate copy of which are submitted herewith as Exhibit C and made a part hereof (the "WFS Terms").

11. WFS delivered the marine fuel to the Vessel at the Port of Singapore on December 25, 2020. A copy of the Bunker Delivery Receipt is submitted herewith as Exhibit D and made a part hereof.

12. On December 26, 2020, Owners of the Vessel notified Delta that the marine fuel received from WFS failed to meet required specifications under the Time Charter, and therefore the marine fuel was unfit for use.

13. On that same day, December 26, 2020, Delta notified WFS that the marine fuel did not meet required specifications, that the subject fuel thereby affected the normal operations of the Vessel, and that Delta reserved all their rights and remedies as a result.

14. On December 27, 2020, WFS denied Delta's claim regarding the marine fuel.

15. On December 30, 2020, Owners notified Delta that having failed to supply the Vessel with marine fuel pursuant to the terms of the Time Charter, that Delta would be liable for all losses as a result thereof, including, but not limited to poor performance of the Vessel resulting from the off-spec marine fuel.

16. On December 30, 2020, Delta sent written notice to WFS's office in Miami, Florida notifying WFS of Delta's claim pursuant to Sections 6(e) and 15(a) of the WFS Terms, a true and accurate copy of which is submitted herewith as Exhibit E and made part hereof.

17. Delta is subject to claims from Owners under the Time Charter as a direct result of the Vessel using the off-spec marine fuel supplied by WFS. As a result, Delta is or may be responsible for damages under the Time Charter, including but not limited to poor performance of the Vessel, decreased speed of the Vessel, disruption or delay of operations, and other losses resulting from the use of off-spec marine fuel supplied by WFS.

18. Pursuant to Section 6(e) of the WFS Terms, Delta has six months to file an action against WFS hereunder (up to June 25, 2021), as follows:

> In any event, should any timely claim submitted by Buyer not be settled to Buyer's satisfaction in a commercial manner, any legal action by Buyer thereon shall be formally waived and time barred unless commenced under Clause 18 (Law and Jurisdiction) within six (6) calendar months after the delivery date or, in claims related to non-delivery, within six (6) calendar months after the scheduled delivery date.

19. On May 27, 2021, Delta requested an extension of suit time from WFS, which is standard in the industry. WFS denied said request and therefore Delta is compelled to file this action to preserve its right to pursue WFS for any damages incurred. Delta reserves its right to adjust the quantum of damages as more information becomes available.

## COUNT I – BREACH OF CONTRACT

20. Delta repeats and realleges each and every allegation set forth in paragraphs 1 through 19 as though fully set forth herein.

21. Delta and WFS entered into the Marine Fuel Contract.

22. Pursuant to the Marine Fuel Contract, WFS agreed to provide marine fuel in accordance with the agreed-to specifications that could safely be consumed by the Vessel.

23. Pursuant to the Marine Fuel Contract, WFS agreed to advise of any quality issues with the marine fuel it provided to the Vessel.

24. Owners have asserted a claim against Delta due to off specification marine fuel supplied by WFS, which failed to meet the requirements identified in the Marine Fuel Contract, as stated above.

25. WFS breached its agreement with Delta by providing marine fuel that did not meet the agreed to specifications in the Marine Fuel Contract.

26. WFS breached its agreement with Delta by failing to advise Delta of the issues regarding the quality of the marine fuel it supplied.

27. As a result of WFS's breach, Delta is or may become legally liable to Owners for damages in an amount yet to be determined. Delta reserves its right to adjust the quantum of damages as more information becomes available.

## COUNT II – NEGLIGENCE

28. Delta repeats and realleges each and every allegation set forth in paragraphs 1 through 19 as though fully set forth herein.

29. As a supplier of marine fuel, WFS had a duty to provide Delta with marine fuel that was suitable and safe for use, and not off-spec for the Vessel.

30. WFS breached this duty by delivering marine fuel to the Vessel that was off-spec, unsuitable, unsafe, and which did not conform with applicable specifications.

31. As a direct result of WFS's breach of its duties and obligations, the Vessel has suffered from poor performance, decreased speed, disruption or delay of operations, and other losses resulting from the use of off-spec marine fuel supplied by WFS.

32. Owners have asserted a claim against Delta due to off specification marine fuel supplied by WFS, which failed to meet the requirements identified in the Marine Fuel Contract, as stated above.

33. As a result of WFS's breach, Delta is or may become liable to Owners for damages in amount to be determined. Delta reserves its right to adjust the quantum of damages as more information becomes available.

**PRAYER FOR RELIEF**

WHEREFORE, Delta accordingly demands a judgment against World Fuel Services Corporation as follows:

A. Enter judgment in favor of Delta against WFS in an amount equal to indemnify Delta for any damages it is obligated to pay to Owners, plus costs, expenses and interest, as may be determined by this Honorable Court; and

B. Any other relief that this Honorable Court may deem to be just and proper.

Dated: June 24, 2021

Respectfully submitted,

  //S//Jonathan S. Cooper, Esq.//
Jonathan S. Cooper
Florida Bar Number: 99376
jcooper@shiplawusa.com
Blanck & Cooper, PA
5730 SW 74th St. Ste. 700
Miami, FL 33143
Telephone: (305) 663-0177
Facsimile: (305) 663-0146

Local Counsel for Plaintiff
DELTA CORP SHIPPING PTE LTD.

**Luke Zadkovich**
luke.zadkovich@zeilerfloydzad.com
Zeiler Floyd Zadkovich (US) LLP
215 Park Avenue South, 11th Floor
New York, New York 10003, USA
Telephone: (332) 213-0670

**Katherine E. Georginis**
katherine.georginis@zeilerfloydzad.com
Zeiler Floyd Zadkovich (US) LLP
500 West Madison Street, 10th floor
Chicago, Illinois 60661, USA
Telephone: (708) 320-0010

Of Counsel for Plaintiff
7996/Complaint