UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 21-cv-22321-JLK

DELTA CORP SHIPPING PTE LTD.,

    Plaintiff,

v.

WORLD FUEL SERVICES (Singapore) PTE LTD,

    Defendant.   /

**FINAL JOINT MOTION FOR STAY OF PROCEEDINGS
and STIPULATION FOR DISMISSAL ABSENT A CLAIM**

Plaintiff Delta Corp Shipping Pte Ltd., ("Delta) and Defendant World Fuel Services (Singapore) Pte Ltd ("WFS") (collectively, the "Parties") in the above-captioned matter, by and through their undersigned counsel submit this, their Final Joint Motion to Stay the pending case and memorandum in support thereof, and their stipulation for dismissal absent any claim within the addition stay requested.

**BACKGROUND**

1. At all relevant times, Delta was the time charterer of the *M/V MILITIADES II*, IMO No. 9300831, a bulk carrier vessel flagged under the laws of the Republic of Liberia ("Vessel"). The Vessel was owned by George Moundreas & Company S.A. ("Owners"). Owners and Delta entered into a time charter party for the Vessel dated December 2, 2020.

2. At all relevant times, WFS is and was a seller and supplier of marine fuel to the Vessel. On December 21, 2020, Delta and WFS entered into a contract for the sale of marine fuel for the Vessel ("Marine Fuel Contract"). The Marine Fuel Contract incorporated the "WFS Marine Group of Companies General Terms and Conditions" (the "WFS Terms").

3. Pursuant to Section 6(e) of the WFS Terms, Delta had six months to file an action against WFS hereunder (up to June 25, 2021), as follows:

> In any event, should any timely claim submitted by Buyer not be settled to Buyer's satisfaction in a commercial manner, any legal action by Buyer thereon shall be formally waived and time barred unless commenced under Clause 18 (Law and Jurisdiction) within six (6) calendar months after the delivery date or, in claims related to non-delivery, within six (6) calendar months after the scheduled delivery date.

4. On May 27, 2021, Delta requested an extension of suit time from WFS. WFS denied said request and therefore Delta filed the instant action on June 24, 2021, to preserve its right to pursue WFS for any damages incurred.

5. Service of process was affected on WFS on September 22, 2021.

6. Defendant, WFS, is appearing formally through the filing of this joint motion.

7. Owners have yet to file their claim against Delta.

8. Absent a claim against Delta within the additional stay requested, the Parties hereto stipulate and agree to the dismissal of this action. Each Parties agrees to be responsible for its own fees and costs. The agreed upon dismissal will be effective when the requested stay expires. Pursuant to *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012), the Parties' recognize their

Stipulation is self-executing and no further order of the Court is required to dismiss this action.

## ARGUMENT

This Court has broad authority to grant a motion to stay. *Ferrer v. Bayview Loan Servicing, LLC*, No. 15-20877-Civ, 2015 WL 12765420, at *2 (S.D. Fla. Aug. 27, 2015). District courts consider the prejudice and hardship on each party to determine whether to grant a stay, and general efficiency. *Id.* A stay is appropriate in the interest of judicial convenience so long as the stay is not immoderate or indefinite. *Id.* "A stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis v. North American Co.*, 299 U.S. 248, 257 (1936). Courts consider the potential duration and reasons for the stay when determining whether to implement a stay of proceedings. *Endurance Assurance Corp. v. Luhtech, Inc.*, No. 20-CIV-80923, 2020 WL 8370948, at *3 (S.D. Fla. Nov. 23, 2020).

"The proper remedy for premature litigation 'is an abatement or stay of the claim for the period necessary for its maturation under the law.'" *See Lemus v. Leader Insurance Co.*, No. 8:09-cv-941-T-33, 2010 WL 11507709, at *3 (M.D. Fla. Feb. 25, 2010) *(relying on Blumberg v. USAA Cas. Ins. Co.,* 790 So.2d 1061, 1065 n. 2 (Fla.2001). In the *Blumberg* decision, the Florida Supreme Court held that a malpractice cause of action accrues when the client suffers damages at the conclusion of the underlying judicial proceedings. *Id.* at 1065. The Florida court further held that if the party proceeds to file its claim before the conclusion of the underlying

proceedings, "then the defense can move for an abatement or state of the claim on the ground that the negligence/malpractice action has not yet accrued." *Id.*

Further, where claims to be litigated are based upon the same operative facts as a separate arbitration, stays are warranted. *See, e.g., Sam Reisfeld & Son Import Co. v. S. A. Eteco*, 530 F.2d 679, 681 (5th Cir. 1976); *Petrik v. Reliant Pharms., Inc.*, 2007 WL 3283170, at *3 (M.D. Fla. Nov. 5, 2007) (staying litigation because arbitrator's decision could be determinative of plaintiff's litigation claims and therefore stay would conserve judicial resources).

Delta filed this action to preserve its right to recover from WFS pursuant to the six-month time bar in the WFS Terms that ran on June 25, 2021. Owners have almost five years to file a claim against Delta pursuant to the applicable law in the United Kingdom, which governs the charterparty between Delta and Owners. A stay is proper in this case to preserve Delta's right to pursue recovery from WFS as necessary. Further, the claims to be litigated in this matter are based upon the same operative facts in the claims between Delta and Owners, warranting a stay here. *See, e.g., Sam Reisfeld & Son*, 530 F.2d at 681; *Petrik*, 2007 WL 3283170, at *3. As this motion is being brought forth by both parties to this action, neither party will be prejudiced by the granting of a stay. Further, a stay in this case is not indefinite as Owners have a limited amount of time to pursue a claim against Delta and the Parties are currently seeking a stay of four months.

WHEREFORE, Delta Corp Shipping Pte Ltd and World Fuel Services (Singapore) Pte Ltd., respectively request this Honorable Court to enter a stay in this matter through and including, Friday, December 8, 2023.

Dated:   August 9, 2023

Respectfully submitted,

/s/   *David N. Gambach*
David N. Gambach, Esq.
Florida Bar No. 8540
Evan S. Gutwein, Esq.
Florida Bar No. 58741
HAMILTON, MILLER & BIRTHISEL, LLP.
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone 305-379-3686
Facsimile 305-379-3690
DGambach@HamiltonMillerLaw.com
EGutwein@HamiltonMillerLaw.com
JFlorin@HamiltonMillerLaw.com
JMendez@HamiltonMillerLaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via CM-ECF this 9th day of August 2023 to all parties on the attached Service List.

/s/   *David N. Gambach*
David N. Gambach, Esq.

| Service List | |
|---|---|
| Jonathan S. Cooper<br>Florida Bar Number: 99376<br>jcooper@shiplawusa.com<br>Blanck & Cooper, PA<br>5730 SW 74th St. Ste. 700<br>Miami, FL 33143<br>Telephone: (305) 663-0177<br>Facsimile: (305) 663-0146<br><br><br>Local Counsel for Plaintiff<br>DELTA CORP SHIPPING PTE LTD. | **Luke F. Zadkovich**<br>luke.zadkovich@zeilerfloydzad.com<br>Zeiler Floyd Zadkovich (US) LLP<br>215 Park Avenue South, 11th Floor<br>New York, New York 10003, USA<br>Telephone: (332) 213-0670<br><br>**Katherine E. Georginis**<br>katherine.georginis@zeilerfloydzad.com<br>Zeiler Floyd Zadkovich (US) LLP<br>500 West Madison Street, 10th floor<br>Chicago, Illinois 60661, USA<br>Telephone: (708) 320-0010<br><br>Of Counsel for Plaintiff |